UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

NETFA HORSFORD,

                Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY
TRAFFIC ENFORCEMENT AGENT DEVON SERVICE,
tax # 331734,

                Defendants.

---------------------------------------------------------------- x

CV 12  4872

**COMPLAINT**

Jury Trial Demanded

ROSS, J.

## PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action against the City of New York and a New York City Traffic Enforcement Agent with a poor employment record alleging that, on November 23, 2010, at approximately 5:00 p.m., on Utica Avenue between Tilden Avenue and Snyder Avenue in the East Flatbush section of Brooklyn, defendants violated his rights under 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution and New York state law by falsely arresting him, using unreasonable force on him, denying him a fair trial and maliciously prosecuting him. While plaintiff was in police custody, an ambulance took plaintiff to Kings County Hospital where plaintiff received staples to his head. Plaintiff was arraigned on November 26, 2010 and released on his own recognizance. Plaintiff was acquitted of all charges on July 18, 2012 after a bench trial. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of malicious prosecution and vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York resides in and is subject to personal jurisdiction in this District and because the incident in question occurred in this District.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6. With respect to plaintiff's state law claim of malicious prosecution and vicarious liability brought against the defendants, a notice of claim was duly filed with the City within 90 days of plaintiff's acquittal, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

## PARTIES

7. Plaintiff is a United States citizen.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. The individual defendant is a member of the New York City Police Department ("NYPD"). The individual defendant was acting under color of state law and in his capacity as members of the NYPD at all relevant times. The individual defendant is liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The individual defendant is sued in his individual capacity.

## STATEMENT OF FACTS

10. On November 23, 2010, at approximately 5:00 p.m., plaintiff was on Utica Avenue between Tilden Avenue and Snyder Avenue in the East Flatbush section of Brooklyn.

11. Plaintiff had not committed a crime or violation and was not engaged in suspicious activity.

12. At the above time and place, New York City Traffic Enforcement Agent Devon Service, who has a poor employment history with the NYPD, got into a verbal dispute with plaintiff.

13. Without justification, Officer Service pushed plaintiff, punched him numerous times in his face and body and struck plaintiff's head several times with a radio.

14. Service then caused and instigated the false arrest of plaintiff for assault, menacing and harassment.

15. New York City Police Officers took plaintiff to the 67th Precinct.

16. While plaintiff was held in the 67th Precinct, Officer Service caused and instigated police officers to falsely charge plaintiff with assault, menacing and harassment.

3

17. While plaintiff was in police custody, an ambulance took plaintiff to Kings County Hospital where plaintiff received staples to his head.

18. Plaintiff was eventually taken to Brooklyn Central Booking.

19 While plaintiff was held in Brooklyn Central Booking, Officer Service maliciously initiated a prosecution against plaintiff by misrepresenting to police and prosecutors that plaintiff assaulted, menaced and harassed him.

20. Plaintiff was arraigned in Criminal Court on November 26, 2010 and released on his own recognizance.

21. Plaintiff was required to make numerous court appearances after his arraignment.

22. Plaintiff paid defense attorney Samuel Karliner $4,000 and owes Mr. Karliner additional money for defending him.

23. Plaintiff was acquitted of all charges on July 18, 2012 after a bench trial.

24. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated and suffered a loss of liberty, emotional distress, fear, anxiety, embarrassment, humiliation and pain and bruising. Plaintiff also suffered financial loss from medical expenses and from hiring a defense attorney.

## FIRST CLAIM

### (FALSE ARREST)

25. Plaintiff repeats the foregoing allegations.

26. At all relevant times, plaintiff did not commit a crime or violation.

27. Despite plaintiff's innocence, defendant Service caused and instigated the false arrest of plaintiff.

4

28. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (UNREASONABLE FORCE)

29. Plaintiff repeats the foregoing allegations.

30. Defendant Service's use of force upon plaintiff was objectively unreasonable and caused plaintiff pain and injury.

31. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force on him.

## THIRD CLAIM

### (DENIAL OF A FAIR TRIAL)

32. Plaintiff repeats the foregoing allegations.

33. Defendant Service's misrepresentations about plaintiff to prosecutors deprived plaintiff of liberty because plaintiff was required to appear in court several times after the misrepresentations were made.

34. Accordingly, defendants are liable to plaintiff under the Sixth Amendment for denying him a fair trial.

## FOURTH CLAIM

### (MALICIOUS PROSECUTION)

35. Plaintiff repeats the foregoing allegations.

36. Defendant Service maliciously misrepresented to prosecutors that plaintiff had committed a crime and initiated a prosecution against him or played a role in initiating a prosecution against him.

37. Defendant Service's misrepresentations deprived plaintiff of liberty because he was required to appear in court several times after his arraignment.

38. The criminal case filed against plaintiff was ultimately dismissed.

39. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for malicious prosecution.

## FIFTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

40. Plaintiff repeats the foregoing allegations.

41. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

42. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

43. Upon information and belief, the City of New York, at all relevant times, was aware that the defendant Service and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

44. In addition to frequently violating the civil rights of countless residents of New York City, numerous members of the NYPD commit crimes. Officers have been arrested and convicted of such crimes as planting evidence on suspects, falsifying police reports, perjury, corruption, theft, selling narcotics, smuggling firearms, robbery, fixing tickets, driving under the influence of alcohol, vehicular homicide, assault and domestic violence. In fact, former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison. In 2011, Brooklyn South narcotics

officer Jerry Bowens was convicted of murder and attempted murder in Supreme Court, Kings County, while under indictment for corruption and is presently serving a life sentence. In 2011, Police Officer William Eiseman and his subordinate Police Officer Michael Carsey were convicted of felonies in Supreme Court, New York County, for lying under oath, filing false information to obtain search warrants and performing illegal searches of vehicles and apartments. On March 27, 2012, New York City Police Officer Michael Pena was convicted in Supreme Court, New York County, of sexually assaulting a woman at gunpoint and is presently serving a sentence of 75 years to life.

45. In October 2011, former Brooklyn South narcotics officer Jason Arbeeny was convicted in New York Supreme Court, Kings County, of planting drugs on two individuals and falsifying arrest reports. Before issuing a verdict of guilty, the judge scolded the NYPD for what he described as a "widespread culture of corruption endemic in its drug units." The judge further stated that the testimony demonstrated that the NYPD narcotics divisions maintain a "cowboy culture" and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

46. At least one federal court has recognized that there is widespread falsification by members of the NYPD. In *Colon v. City of New York*, Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

47. Another federal court held in *Floyd v. City of New York*, 08 Civ. 1034 (S.D.N.Y. May 16, 2012) that the City of New York's and the NYPD's "cavalier attitude towards the prospect of a 'widespread practice of suspicionless stops' displays a deeply troubling apathy towards New Yorkers' most fundamental constitutional rights."

48. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

49. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## SIXTH CLAIM

### (MALICIOUS PROSECUTION UNDER STATE LAW)

50. Plaintiff repeats the foregoing allegations.

51. Defendant Service maliciously misrepresented to prosecutors that plaintiff had committed a crime and initiated a prosecution against him or played a role in initiating a prosecution against him.

52. The criminal case filed against plaintiff was ultimately dismissed.

53. Accordingly, the defendants are liable to plaintiff under New York state law for malicious prosecution.

## SEVENTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

54. Plaintiff repeats the foregoing allegations.

55. Defendant Service was acting within the scope of his employment as a member of the NYPD when he maliciously prosecuted plaintiff.

56. Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for malicious prosecution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED:    September 30, 2012

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391
richcardinale@gmail.com (not for service)

9

Case 1:12-cv-04872-ARR-JO Document 1 Filed 10/01/12 Page 10 of 10 PageID #: 10